# EXHIBIT A



**Tarrant County District Clerk Online**
Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | | | | | | 11/12/15 8:53 AM |
|---|---|---|---|---|---|---|

| Cause Number: | 153-281585-15 | | | | Date Filed: 10-06-2015 | |
|---|---|---|---|---|---|---|
| | MAHLON COPLON | | | VS | | ALLSTATE INDEMNITY COMPANY |
| Cause of Action: | CONTRACT, CONSUMER/DTPA | | | | | |
| Case Status: | PENDING | | | | | |

| File Mark | Description | | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|---|
| 10-06-2015 | PLTF'S ORIG PET | N | I | | 284.00 | |
| 10-06-2015 | COURT COST (PAID) trans #1 | Y | | | | 284.00 |
| 10-06-2015 | CIVIL CASE INFO SHEET | | | | | 0.00 |
| 10-06-2015 | CITATION REQUEST | I | | | | 0.00 |
| 10-06-2015 | COPIES - ELECTRONIC | N | | | 6.65 | |
| 10-06-2015 | COURT COST (PAID) trans #5 | Y | | | | 6.65 |
| 10-06-2015 | CIT Cert Mail-ISSUED ON ALLSTATE INDEMNITY COMPANY-On 10/07/2015 | N | Svc | | 83.00 | |
| 10-06-2015 | COURT COST (PAID) trans #7 | Y | | | | 83.00 |
| 10-06-2015 | E-FILE TRANSACTION FEE | N | | | 2.00 | |
| 10-06-2015 | COURT COST (PAID) trans #9 | Y | | | | 2.00 |
| 10-20-2015 | CIT Cert Mail Tr# 7 RET EXEC(ALLSTATE INDEMNITY I CO MPANY) On 10/13/2015 | | | | | 0.00 |
| 11-05-2015 | DEFN ALLSTATE INDEMNITY CO'S ANS | I | | | | 0.00 |
| 11-05-2015 | E-FILE TRANSACTION FEE | N | | | 2.00 | |
| 11-05-2015 | COURT COST (PAID) trans #13 | Y | | | | 2.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

153-281585-15

FILED
TARRANT COUNTY
10/6/2015 8:21:33 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO._____

| | | |
|---|---|---|
| **MAHLON COPLON** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **ALLSTATE INDEMNITY COMPANY** | § | |
| | § | |
| **Defendant** | § | **_____ JUDICIAL DISTRICT** |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Mahlon Coplon ("Mr. Coplon"), Plaintiff herein, files this Original Petition against Defendant Allstate Indemnity Company ("Allstate") and, in support of his causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.  Mahlon Coplon is a Texas resident who resides in Tarrant County, Texas.

2.  Allstate is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, CT Corporation System, via certified mail at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

### II.
### DISCOVERY

3.  This case is intended to be governed by Discovery Level 2.

### III.
### CLAIM FOR RELIEF

4.  The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $100,000 but not more than $200,000, including damages of

any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendant refuses to cooperate in discovery, makes frivolous and unwarranted objections, files needless motions, quashes depositions and discovery requests without a reasonable basis, asserts unjustified or false affirmative defenses, makes unwarranted special exceptions, hires individuals they claim to be "experts" who give false opinions or testimony, produces witnesses who commit perjury, conducts excessive discovery, or otherwise needlessly delays litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000.

## IV.
## JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.      Venue is proper in Tarrant County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County. In particular, the loss at issue occurred in Tarrant County.

## V.
## FACTUAL BACKGROUND

7.      Mr. Coplon is a named insured under a property insurance policy issued by Allstate.

8.      On or about February 11, 2015 a storm hit the Colleyville, Texas area, damaging Mr. Coplon's house and other property. Mr. Coplon subsequently filed a claim on his insurance policy.

9.      Defendant improperly denied and/or underpaid the claim.

2

153-281585-15

10.    The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11.    This unreasonable investigation led to the underpayment of Plaintiff's claim.

12.    Moreover, Allstate performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

13.    Each of the foregoing paragraphs is incorporated by reference in the following:

**A.    Breach of Contract**

14.    Allstate had a contract of insurance with Plaintiff.  Allstate breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.    Prompt Payment of Claims Statute**

15.    The failure of Allstate to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

16.    Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.    Bad Faith/DTPA**

17.    Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18.    Defendant violated § 541.051 of the Texas Insurance Code by:

    (1)    making statements misrepresenting the terms and/or benefits of the policy.

3

153-281585-15

19.     Defendant violated § 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20.     Defendant violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

21.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

4

22.     Defendant has violated the Texas Deceptive Trade Practices Act in the following respects:

(1)     Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)     Allstate failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)     Allstate, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Allstate took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

23.     Defendant knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.     Attorneys' Fees**

24.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

25.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because he is represented by an attorney,

153-281585-15

presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

26.     Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

27.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

28.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

29.     You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Mahlon Coplon prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mr. Coplon be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Coplon may show himself to be justly entitled.

6

153-281585-15

Respectfully submitted,

DALY & BLACK, P.C.

By:____/s/ Ana M. Ene_____
     Ana M. Ene
     TBA No. 24076368
     aene@dalyblack.com
     William X. King
     TBA No. 24072496
     wking@dalyblack.com
     Richard D. Daly
     TBA No. 00796429
     rdaly@dalyblack.com
     John Scott Black
     TBA No. 24012292
     jblack@dalyblack.com
     2211 Norfolk St., Suite 800
     Houston, Texas 77098
     713.655.1405—Telephone
     713.655.1587—Fax

ATTORNEYS FOR PLAINTIFF
MAHLON COPLON

153-281585-15

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his/her attorneys of record, Richard D. Daly, Daly & Black, P.C., 2211 Norfolk St, Suite 800, Houston, Texas 77098; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at the Daly & Black, P.C. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.  You know the response made was incorrect or incomplete when made; or

b.  You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## DEFINITIONS AND INSTRUCTIONS

A.  These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.  If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.  If you claim that any document which is required to be identified or produced by you in any response is privileged:

8

153-281585-15

1. Identify the document's title and general subject matter;
2. State its date;
3. Identify all persons who participated in its preparation;
4. Identify the persons for whom it was prepared or to whom it was sent;
5. State the nature of the privilege claimed; and
6. State in detail each and every fact upon which you base your claim for privilege.

D.   "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.   "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.   In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
1. His or her name;
2. His or her last known business and residence address and telephone number; and
3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.   If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.   "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

9

153-281585-15

Respectfully submitted,

DALY & BLACK, P.C.

By:___/s/ Ana M. Ene_____
        Ana M. Ene
        TBA No. 24076368
        aene@dalyblack.com
        William X. King
        TBA No. 24072496
        wking@dalyblack.com
        Richard D. Daly
        TBA No. 00796429
        rdaly@dalyblack.com
        John Scott Black
        TBA No. 24012292
        jblack@dalyblack.com
        2211 Norfolk St., Suite 800
        Houston, Texas 77098
        713.655.1405—Telephone
        713.655.1587—Fax

ATTORNEYS FOR PLAINTIFF
MAHLON COPLON

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. Therefore, Defendant would have received it when it was served with the citation.

_____/s/ Ana M. Ene_____
        Ana M. Ene

153-281585-15

## INTERROGATORIES TO DEFENDANT ALLSTATE

1.  Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

    ANSWER:

2.  Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

    ANSWER:

3.  Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

    ANSWER:

4.  Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages?  If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

    ANSWER:

5.  Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information?  If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

    ANSWER:

6.  At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

    ANSWER:

7.  Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

    ANSWER:

153-281585-15

8.   Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

ANSWER:

9.   Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

ANSWER:

10.  To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

ANSWER:

11.  State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

ANSWER:

12.  Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

ANSWER:

13.  To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

ANSWER:

14.  To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

ANSWER:

15.  To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

ANSWER:

153-281585-15

16. To the extent Defendant is aware, state any violations of the requirements or obligations owed to Plaintiff(s) under the Policy relating the claim made the basis of this Lawsuit that were discovered during the claims handling process.

ANSWER:

17. State the date Defendant first anticipated litigation.

ANSWER:

18. State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's(s') denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s).

ANSWER:

19. Identify every other insurance claim (by name, address and telephone no. of the insured) made for property damage in the same city/town as the house at issue in this case, and stemming from the same storm, which claim was paid in part or whole. This is limited to within 5 miles of Plaintiff's(s') insured property.

ANSWER:

20. Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

ANSWER:

21. Give the name, address and telephone number of all persons making a claim with you for property damage for the same date of loss as Plaintiff's claim. This request is limited to persons who live within a 5 mile radius of Plaintiff's insured residence.

ANSWER:

22. List all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue to date.

ANSWER:

153-281585-15

## REQUESTS FOR PRODUCTION TO DEFENDANT ALLSTATE

1.   The following insurance documents issued for the Property as identified in the Petition:
     a.   the policy at issue for the date of loss as identified in the Petition; and
     b.   the policy declarations page for the 3 years preceding the storm.

     RESPONSE:

2.   Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

     RESPONSE:

3.   All documents relating to the condition or damages of the Property or any insurance claim on the Property.

     RESPONSE:

4.   All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

     RESPONSE:

5.   All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

     RESPONSE:

6.   All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

     RESPONSE:

7.   All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Property, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

     RESPONSE:

153-281585-15

8.    All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

9.    Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

10.   To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

11.   A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

12.   All organizational charts, diagrams, lists, an/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

13.   All Texas insurance licenses and/or certifications in effect at the time of the claims arising out of the storms at issue for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications. This request excludes those who performed merely ministerial acts, i.e. people who answer phones, file clerks whose only job duty is to stamp "received," etc.

RESPONSE:

153-281585-15

14.   If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

15.   Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production above within the last three years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

16.   All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:

17.   All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:

18.   All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

19.   All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the storm(s) occurring on the date(s) of loss claimed by Plaintiff(s).

RESPONSE:

20.   Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

RESPONSE:

153-281585-15

21.    All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the date of loss claimed by Plaintiff(s).

RESPONSE:

22.    Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

RESPONSE:

23.    For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, reviewed by, or prepared for the testifying expert.

RESPONSE:

24.    Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

RESPONSE:

25.    All indemnity agreements in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

26.    All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

27.    All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28.    All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

RESPONSE:

153-281585-15

29.     To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

        <u>RESPONSE:</u>

30.     A List of all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue to date.

        <u>RESPONSE:</u>

153-281585-15

## FIRST SET OF REQUESTS FOR ADMISSIONS TO ALLSTATE

**REQUEST FOR ADMISSION NO. 1.**  Admit you committed statutory bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.**  Admit you committed common law bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.**  Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:

153-281585-15

FILED
TARRANT COUNTY
11/5/2015 2:39:31 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 153-281585-15

| | | |
|---|---|---|
| MAHLON COPLON | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | 153RD JUDICIAL DISTRICT |

MAHLON COPLON § IN THE DISTRICT COURT

§

    **Plaintiff** §

§

v. § 153RD JUDICIAL DISTRICT

§

ALLSTATE INDEMITY COMPANY §

§

    **Defendant** § TARRANT COUNTY, TEXAS

## DEFENDANT ALLSTATE INDEMNITY COMPANY'S ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Allstate Indemnity Company, Defendant in the above-entitled and numbered cause, and files its Original Answer, and in support thereof would respectfully show the Court the following:

### I.
### GENERAL DENIAL

    Defendant denies all and singular, each and every allegation contained in Plaintiff's Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II.
### AFFIRMATIVE DEFENSES

    A.    Pleading further, Defendant would show that there are contractual provisions with which the Plaintiff has failed to comply. Specifically, Plaintiff has failed to establish that there are damages to which he is legally entitled to recover under the policy of insurance.

    B.    Pleading further, Defendant would show that all conditions precedent to recover under the policy have not occurred.

153-281585-15

C.    Plaintiff's claims are subject to the liability limits and deductible contained within the policy.

D.    Pleading further, the Plaintiff's claim is subject to the following policy provisions:

* * * *

**GENERAL**

**Definitions Used in This Policy**

* * * *

6. **Insured person(s)**—means

a) if you are shown on the Policy Declarations as an individual and you are a sole proprietor, you and your resident spouse.

* * * *

10. **Rental Unit**—means that portion of your dwelling which forms separate living space intended for tenant occupancy.

* * * *

12. **Tenant**—means any person who rents, leases or lawfully occupies a rental unit.

* * * * *

14. **We, us,** or **our** means the company named on the Policy Declarations.

15. **You** or **your** means the person listed under Named Insured(s) on the Policy Declarations as the insured and that person's resident spouse.

**Insuring Agreement**

In reliance on the information you have given **us, we** agree to provide the coverages indicated on the Policy Declarations.  In return, **you** must pay the premium when due, comply with the policy terms and conditions, and inform **us** of any change in title or use of the **residence premises.**

Subject to the terms of this policy, the Policy Declarations shows the location of the **residence premises,** applicable coverages, limits of liability and premiums. The policy applies only to losses or **occurrences** that take place during the policy

153-281585-15

period. The policy period is shown on the Policy Declarations. This policy is not complete without the Policy Declarations.

The terms of this policy impose joint obligations on persons identified as an **insured person**. This means that the responsibilities, acts and failures to act of a person defined as an **insured person** will be binding upon every other person defined as an **insured person**, except as provided under **Losses We Do Not Cover Under Coverage A or Coverage B and Coverage C, A.8 and Losses We Do Not Cover Under Coverage C, A.8.**

\* \* \* \*

### SECTION I—YOUR PROPERTY

*COVERAGE A*
*DWELLING PROTECTION*

*PROPERTY WE COVER UNDER COVERAGE A:*

1.      **Your Dwelling,** including attached structures, at the **residence premises**. Fences and structures connected to your dwelling by only a fence, utility line, or similar connection, are not considered attached structures.

\* \* \* \*

*LOSSES WE DO NOT COVER UNDER COVERAGES A AND B:*

A.      We do not cover loss to the property described in **Coverage A—Dwelling Protection or Coverage B—Other Structures Protection** consisting of or caused by:
\* \* \*

12. a) Wear and tear, aging, marring,
scratching, deterioration, inherent
vice, or latent defect;

   \* \* \* \*

C.      We do not cover loss to property described in **Coverage A—Dwelling Protection or Coverage B—Other Structures Protection** consisting of or caused by mold, fungus, wet rot, dry rot or bacteria. This includes any loss which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or bacteria.

153-281585-15

This exclusion applies regardless of whether mold, fungus, wet rot, dry rot or bacteria arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as specifically provided in **Section I Conditions—Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Cause of a Covered Water Loss.**

\* \* \* \* \*

## COVERAGE D
**Fair Rental Income**

**We Will Cover Under Coverage D:**

1. **Your** lost fair rental income resulting from a covered loss, less charges and expenses which do not continue, when a loss we cover under **Coverage A— Dwelling Protection** makes a **rental unit** uninhabitable. **We** will pay for lost fair rental income for the shortest time required to either repair or replace the **rental unit**, but not to exceed 12 months from the date of the loss which made the **rental unit** uninhabitable.

   In no event shall our payment for fair rental income under Coverage D, item 1, exceed an amount equal to 10% of the Limit of Liability shown on the Policy Declarations under **Coverage A—Dwelling Protection.**

   \* \* \* \*

   However, payments for **your** lost fair rental income due to remediation of mold, fungus, wet rot or dry rot will not be paid in addition to any payments paid or payable under **Section I, Conditions, Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Result of a Covered Water Loss.**

   The periods of time referenced above are not limited by the termination of this policy.

   This protection begins only after you have given **us** notice of the covered loss and only if, at the time of the loss, the **rental unit** was habitable and:

   a) Occupied by a **tenant**; or
   b) You had a signed, written rental agreement for the **rental unit**, in which case this protection begins on the occupancy date specified in the rental agreement; or
   c) The **rental unit** was occupied by a **tenant** within 60 days of the loss and was in the process of being renovated.

153-281585-15

> We do not cover loss or expense due to the cancellation of a lease or agreement.
>
> No deductible applies to this protection.
>
> * * * * *
>
> **Section I Conditions**
>
> 1. **Deductible**
> **We** will pay when a covered loss exceeds the applicable deductible shown on the Policy
> Declarations. **We** will then pay only the excess amount, unless **we** have indicated otherwise in this policy.
>
> 2. **Insurable Interest and Our Liability**
> In the event of a covered loss, **we** will not pay for more than an **insured person's** insurable interest in the property covered, nor more than the amount of coverage afforded by this policy.

E.      Pleading further, Plaintiff has failed to show that he suffered a covered loss under the policy.

F.      Pleading further, Defendants contend that Plaintiff failed to timely report the loss in accordance with the policy.

G.      Pleading further, Defendant contends that Plaintiff did not sustain a loss within the applicable policy period.

H.      Pleading further, Defendants contend that Plaintiff's claim for attorneys' fees is barred by the excessive demand doctrine.

I.      Pleading further, if same be necessary, Defendant denies that Plaintiff is entitled to recover punitive damages for the reason that punitive damages are impermissible and in violation of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and Article 1, Sections 3 and 19 of the Texas Constitution, and that in this case, an award of punitive damages would be arbitrary and unreasonable and would violate this defendant's rights to due

153-281585-15

process of law, since the awarded damages would be based solely upon speculation by the jury and unconstitutional.  Further, Defendant pleads as a matter of law as follows with respect to Plaintiffs' claims for punitive damages:

a.      Plaintiff may not recover punitive damages in this case.  Texas law already compensates Plaintiffs for every element of damages.  Punitive damages do not serve any function now appropriate in the context of a case for civil damages.

b.      Plaintiff should not be permitted to recover punitive damages in this case since the award of such damages would be a simple windfall for Plaintiff.  Plaintiff may recover their full amount of compensatory damages under Texas law, and the award of punitive damages is not justified.

c.      An award of punitive damages in this case should be against public policy.  As a result, Plaintiff should not be entitled to recover such damages.

d.      An award of punitive damages in this case is unconstitutional.  Such an award would violate Defendant's rights to due process of law.  Punitive damages constitute a taking of property without due process.  There are no reasonable standards to use for the award of such damages.  Defendant is being punished without an adequate statutory scheme as required by both the State and Federal Constitutions.  There are insufficient procedural safeguards for such an award.

e.      An award of punitive damages in this case is unconstitutional and would violate Defendant's rights to due process of law since the award of such damages is based solely upon speculation by the jury.  A jury should not have limitless discretion in the award of potentially disastrous damages against this defendant.  Punitive damages, unlike actual damages, are not based on any rational decision.  Such speculation by the jury is unlawful.

153-281585-15

f.       Plaintiff should not be permitted to recover punitive damages in this case since punitive damages are impermissible under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

g.       Plaintiff should not be entitled to recover punitive damages in this case since there is a total lack of uniformity, consistency and predictability in the award of punitive damages. The award is an unfettered destructive force which erodes any economic stability of society. The public policy against such an award far outweighs any reasonable motion of punishment or deterrent.

h.       Plaintiff should not be entitled to recover punitive damages in this case since the threat of punitive damages is a method by which Plaintiff seeks to intimidate Defendant into excessive and unreasonable settlement. This approach clearly violates public policy.

i.       Plaintiff should not be entitled to recover punitive damages in this case since Plaintiff is using the threat of punitive damages to enflame, bias and prejudice the jury. This approach clearly violates public policy.

j.       If this Court decides that punitive damages should be awarded in this case, the damages should go to a charitable or public body rather than to Plaintiff. The purposes of punitive damages would not be served by a windfall award to the parties or civil litigation.

k.       If this Court decides that punitive damages may be awarded, Plaintiff should be required to show that he is entitled to such damages by a burden of proof of "beyond a reasonable doubt" rather than by a "preponderance of the evidence." Punitive damages are intended to punish, and it is not appropriate for Plaintiff to be allowed to recover such damages by the lower standard on the burden of proof.

153-281585-15

l.      If this Court decides that punitive damages should be awarded in this case, Plaintiff should be required to show that he is entitled to such damages by "clear and convincing evidence" rather than by a "preponderance of the evidence." Punitive damages are intended to punish, and it is not appropriate for Plaintiff to be allowed to recover such damages by the lower standard on the burden of proof.

m.      If this Court decides that punitive damages should be awarded, the award of such damages should be limited to an amount not greater than the total amount of compensatory damages in the case. The jury should not be permitted to simply speculate about the award of such damages.

n.      If this Court decides that punitive damages should be awarded, the damages must be based on a finding of intentional, malicious and conscious criminal misconduct by this Defendant.

o.      Defendant states that any claims made by Plaintiff in this lawsuit for punitive or exemplary damages, or for double or treble damages, including any claims Plaintiff may have made or may make in this cause of action are unconstitutional. Any award of punitive damages would be arbitrary and unreasonable, and in violation of Defendant's right to due process of law and equal protection of the law under the United States Constitution and all applicable amendments to same. Alternatively, pursuant to the Sixth Amendment to the United States Constitution, Defendant states that Plaintiff should be required to prove beyond a reasonable doubt, or by clear and convincing standard that Plaintiff is entitled to any punitive or exemplary damages claimed now or at a later time in this lawsuit. Defendant would show that any award of punitive damages not established by clear and convincing evidence would violate Defendant's

153-281585-15

due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

p.      Defendant specifically pleads that Plaintiff is not entitled to recovery exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41. Defendant invokes the statutory caps on liability for exemplary damages and all other procedural protections afforded by Chapter 41 of the Texas Civil Practice and Remedies Code.

I.      Defendant further affirmatively pleads that in the unlikely event it is held liable in the above-referenced matter, the damages recoverable should be limited to the amounts and conditions set forth in Chapter 41.001, et. seq. of the Texas Civil Practices and Remedies Code, or its predecessor and/or subsequent or related provisions of the Texas Civil Practices and Remedies Code.

J.      Defendant further alleges by way of affirmative defense, Plaintiff's claims for pre-judgment interest are subject to the dates and amounts set forth by statute, including but not limited to, Texas Financial Code, Chapter 304 and TEX. CIV. PRAC. & REM. CODE, Chapter 41.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Indemnity Company prays that the Plaintiff take nothing by this action, that Defendant Allstate Indemnity Company recover its costs incurred herein, and for such other and further relief, both general and special, both legal and equitable, to which this Defendant is justly entitled to receive.

153-281585-15

Respectfully submitted,

**STACY & CONDER, LLP**

By: _____
David G. Allen
State Bar No. 00786972
allen@stacyconder.com

901 Main Street, Suite 6220
Dallas, Texas 75202
(214) 748-5000 (Telephone)
(214) 748-1421 (FAX)

**ATTORNEYS FOR DEFENDANT
ALLSTATE INDEMNITY COMPANY**

153-281585-15

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served this 5th day of November, 2015 upon all counsel of record pursuant to the Texas Rules of Civil Procedure.

_____
David G. Allen

560465